**L.C. In Re: S.W., Petitioner**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 2, 2009.
Decided Oct. 29, 2009.

Karl E. Rominger, Carlisle, for petitioner.

Howard Ulan, Deputy Chief Counsel and Allen C. Warshaw, Chief Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, and FRIEDMAN and QUIGLEY, Senior Judges.

OPINION BY Senior Judge FRIEDMAN.

L.C. petitions for review of the January 7, 2009, order of the Department of Public Welfare (DPW), which upheld the decision of the Bureau of Hearings and Appeals (Bureau) to dismiss L.C.'s request for a hearing to determine whether DPW should expunge reports of child abuse by L.C. We affirm.

In May of 2006, after investigating reports of alleged child sexual assault, Child Protective Services (CPS) issued an "indicated report" of child abuse by L.C.[1] CPS notified law enforcement officials of the report, and criminal charges were filed against L.C.

L.C. requested that DPW expunge the "indicated report," and, when DPW denied that request, L.C. requested a hearing.[2]

---

**1.** Section 6303 of the Child Protective Services Law (Law) defines "indicated report" as a child abuse report that is based on a county agency or DPW determination that substantial evidence of the alleged abuse exists based on available medical evidence, a CPS investigation or an admission of the acts of abuse by the perpetrator. 23 Pa.C.S. § 6303.

**2.** Section 6341(a)(2) of the Law allows any person named as a perpetrator in an "indicated report" of child abuse to request that DPW

The Bureau dismissed L.C.'s request based on his conviction of the criminal charges, explaining that the "indicated report" is now a "founded report," and there is no right to a hearing on a "founded report." L.C. requested reconsideration, which was granted, but, on January 7, 2009, DPW upheld the Bureau's determination. L.C. now petitions this court for review.[3]

L.C. argues that DPW erred by changing the "indicated report" to a "founded report" before the appellate courts have completely resolved his appeals from the criminal conviction. We disagree.

Section 6303 of the Child Protective Services Law defines "founded report" as a child abuse report made pursuant to "any judicial adjudication" of guilt to a criminal charge involving the same factual circumstances involved in the allegation of child abuse.[4] 23 Pa.C.S. § 6303. Thus, DPW was not required to wait until L.C. exhausted his appeals to change the "indicated report" to a "founded report."

Accordingly, we affirm.

### ORDER

AND NOW, this 29th day of October, 2009, the order of the Department of Public Welfare, dated January 7, 2009, is hereby affirmed.

expunge the "indicated report" on grounds that it is inaccurate or is being maintained in a manner inconsistent with the Law. 23 Pa. C.S. § 6341(a)(2). Under section 6341(c) of the Law, if DPW refuses a request to expunge, the perpetrator has the right to a hearing to determine whether the "indicated report" should be expunged on grounds that it is inaccurate or is being maintained in a manner inconsistent with the Law. 23 Pa.C.S. § 6341(c).

3. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

4. In *J.C. v. Department of Public Welfare*, 980 A.2d 743 (Pa.Cmwlth., No. 2309 C.D.2008, filed August 27, 2009), this court held that, for purposes of making a "founded report," a "judicial adjudication" occurs at sentencing. We also note that the burden of proof in a criminal proceeding is "beyond a reasonable doubt," a higher standard than that in an administrative hearing.